Day, J.
 

 This court has heretofore had under consideration certain phases of the transportation problems presented by the railroad and motor transportation companies serving this territory. In the case of
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 121 Ohio St., 588, 170 N. E., 574, this court held that a common carrier railroad company which owns, controls and operates or manages any motor-propelled vehicle not usually operated on or over rails, used in the business of transportation of persons or property, or both, as a common carrier for hire over any public highway in this state, made such railroad company a motor transportation company, and denied said railroad company the right to operate upon the highway unless it was duly certificated as a motor transportation company.
 

 Later, in the case of the
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, 175 N. E., 596, the record disclosed that the railroad company itself made an application for a certificate of convenience and necessity authorizing the operation of a motor freight route between Cleveland and Toledo, via Danbury. This application was denied by the commission and its order affirmed, for three factual reasons: First, because no proper tariffs had been filed by the applicant, as required by the law and the
 
 *422
 
 rules and regulations of the commission; second, that the evidence did not show convenience and necessity existed for service between Cleveland and Toledo on the route sought; and, third, that the evidence did not show the existing motor transportation companies were not rendering adequate and convenient service.
 

 In the present case, a certificated motor transportation company seeks to extend its certificate, paralleling the railroad company’s lines between Toledo and Dan-bury, asking for a certificate to pick up and receive freight at the
 
 freight stations
 
 of the railroad company between its stations, and the certificate as granted was conditioned that the applicant transport property only originating at the freight stations of the New York Central Railroad Company, to stations on the line of the New York Central Railroad Company between Toledo and Danbury, and reverse, and between intermediate points thereto. This service contemplates less than carload lots where a freight haul service would be too expensive.
 

 Is such service of value to the public, and does it serve a convenience and necessity?
 

 Was the commission’s order unreasonable or unlawful in not allowing the sixty-day provision of Section 614-87, General Code, to operate and give time to the Lake Motor Freight Line, or opportunity to any other motor transportation company, to furnish adequate service?
 

 This record discloses that a different service is rendered by the applicant than by the other transportation companies and that its service is not to be really competitive with them; furthermore, that the complete route was not covered by other transportation companies.
 

 This question of transportation from station to station of a common carrier in connection with an application for a certificate of convenience and necessity has heretofore been under consideration by this court.
 
 *423
 
 In the case of
 
 Railway Express Agency, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 159, at page 162, 174 N. E., 356, in the
 
 per curiam
 
 opinion unanimously concurred in, it is said: “Under the peculiar circumstances developed in this record, we think that the plaintiff in error’s application for a certificate should have been granted. Its operation after July 1, 1929, was carried on in good faith and only for the purpose of continuing the same service it had theretofore given the public. The express agency disclaimed any intention of carrying any other goods than such as would be consigned to it for express delivery. However, under the Motor Act, upon grant of a certificate, it would become a common carrier subject to the same liabilities incurred by other motor transportation companies. While it might not be incumbent upon it to seek or advertise for business, still it would be required to accept such as might be offered to it by the general public. Here it desired the operation of a single truck with one round trip each day; this restriction could lawfully be placed upon the operation by the commission, especially as the express agency disclaimed any other purpose than that of carrying on its express service.”
 

 In the instant case the commission obviously endeavored to protect the existing motor transportation companies by restricting the applicant’s haul to transportation solely between freight stations of the railroad, and not allowing the applicant to do any pickup business at the intermediate points or do any door to door transportation; and it is difficult to see how any protestant would lose any existing business or be in any worse competitive position with the railroad company for freight shipping than it was before in that territory, because freight delivered to the railroad company for transportation at its stations must be transported by it; and by the denial of this extension the railroad company will simply transport its freight
 
 *424
 
 over its own lines as a railroad common carrier, although the loads are less than carload lots, the expense to the carrier greater, and the public thus affected. It is in no wise obliged to employ either protestant to transport its freight over the highway from one station to another. Nor is a shipper who has placed his goods in one of the stations of the railroad company for transportation to another station required to have his goods entrusted to any other transportation company than the railroad company, or its exclusive transportation agency, for transportation to another station of the railroad company.
 

 The railroad company, in seeking to render this service, for which there is a demand as evidenced by the public placing in the railroad stations of the company goods to be transported, has endeavored to comply with the decision of this court in the case of
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 121 Ohio St., 588, 170 N. E., 574, wherein it was denied the right to transport property entrusted to it over any public highway in this state unless it was duly certificated as a motor transportation company.
 

 Again, in recognizing the right of the public, which has placed its goods in a station of the railroad company for transportation to another station of the railroad company, thus employing a long-established means of transportation, the commission endeavored to follow the thought expressed in the language of the opinion in the case of
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, where at page 378 it is said: “The rights and interests of the public are paramount. The policy announced by the existing statutes, and frequently applied in these cases, is to preserve and protect previously certified transportation routes, not primarily for their benefit, but for the benefit of the public.
 
 The same plan, policy, and purpose have been followed in the protection and
 
 
 *425
 

 preservation of railroad transportation.”
 
 (Italics ours.)
 

 Could not the commission well have believed that that portion of the public which desired to place its goods in the station of the railroad company for transportation to another station of the railroad company, and had selected the railroad company as its common carrier, might continue to have the benefit of such long-established service without being required to employ other transportation means?
 

 The allowance by the commission of this application does no violence to either
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 121 Ohio St., 588, 170 N. E., 574, or
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, 175 N. E., 596.
 

 The protection of the interests of the public is to be considered as paramount to the private interests of transportation companies, and by the granting of this certificate the commission, in the exercise of its sound discretion, was of opinion that there is a justification, in the interest of the public transportation, to grant the extension; and its order in the premises is therefore neither unreasonable nor unlawful.
 

 Order affirmed.
 

 -At/tbn and Jones, JJ., concur.
 

 Kinkade, J., not participating.